JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel:  (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
WESTON VENEGAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            Plaintiff,  vs.  WESTON VENEGAS,            Defendant. | No. CR 18-0119-RS  **DEFENDANT'S SENTENCING MEMORANDUM**  Date:  March 25, 2024 Time: 9:30 A.M. HON. RICHARD SEEBORG |

## I. INTRODUCTION

The defendant, WESTON VENEGAS, through counsel of record, John J. Jordan, hereby files this sentencing memorandum, following the defendant's plea of guilty to one count of Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death, in violation of 18 U.S.C. § 924(j)(1).

This memorandum is filed in support of the parties' joint recommendation that the Court impose a sentence of 156 months incarceration, five years supervised release with appropriate conditions, a $100 special assessment, possible forfeiture, and restitution.

The Probation Office has completed a Pre-Sentencing Report ("PSR"), which agrees with the parties' estimated U.S.S.G. guidelines calculations, and also recommends a variant sentence of 156 months. See PSR ¶¶ 19 and Sent. Recommendation, page 1.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The PSR details the facts of the offense. PSR ¶¶ 27-50.

In particular, the defendant participated in the activities described in paragraph 50 of the PSR, which resulted in the death of Victim-7. PSR ¶¶ 35-55.

On March 12, 2014, Mr. Venegas was arrested pursuant to a federal arrest warrant related to his first federal RICO case, *United States v. Venegas*, CR 14-013 EMC, and he has remained in continuous custody since that date. PSR ¶ 73. The 2014 case involved the same general RICO offenses charged in this case.

In the 2014 case, on April 27, 2015, Mr. Venegas pled guilty to a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (count one); Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(6) (count three); and Possessing, Carrying, and Using a Firearm in Furtherance of, or During and in Relation to, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count four).

On July 21, 2015, Mr. Venegas was sentenced to 144 months incarceration, followed by 5 years supervised release. PSR ¶ 73.

Mr. Venegas has remained in continuous custody since that date. PSR ¶ 20.

On March 20, 2018, a 15-count Indictment was filed in the Northern District of California, charging the defendant and others with various RICO and related charges.

On April 27, 2018, the defendant was arrested on a writ of habeas corpus ad prosequendum at USP Big Sandy and transported from Kentucky to this district to appear in this case. On April 30, 2018, he made his initial appearance in this district and was remanded to custody. PSR ¶ 20.

On October 16, 2023, Mr. Venegas pled guilty to Count 15 of the Indictment, Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death, in violation of 18 U.S.C. § 924(j)(1), pursuant to a written plea agreement. The Plea Agreement sets out that Mr. Venegas and the Government agreed to the U.S. Sentencing Guidelines calculations of a Base Offense

Level 38 pursuant to USSG §§2E1.3 and 2A1.2; a three-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1; and a one-level reduction for Global Disposition pursuant to USSG §5K2.0(a)(2)(B), for a final total Offense Level of 34. The parties jointly recommended a sentence of 156 months imprisonment, five years of supervised release, a special assessment of $100, forfeiture, and restitution to be determined by the Court.

### III. GUIDELINES CALCULATION AND PROBATION'S RECOMMENDATION

There are no outstanding objections to the PSR.

The defendant agrees that the PSR has correctly determined that the defendant's final offense level is 34, with the expected additional one level downward departure for a joint disposition. The defendant agrees with U.S. Probation that the defendant falls into Criminal History Category III. PSR ¶ 102. For offense level 34 and Criminal History III, the advisory United States Sentencing Guidelines recommends a prison term between 188 to 235 months, absent a variance (recommended by Probation).

The Probation Officer has recommended a downward variance to 156 months, joining the parties' joint recommendation, based on the absence of positive role models, his early onset of substance abuse, and his motivation to improve his education. See PSR sent. recommendation.

### IV. DEFENDANT'S ARGUMENT AND SENTENCING RECOMMENDATION

**A.  Introduction**

The defendant asks this Court to sentence him to 156 months incarceration, followed by five years supervised release, after considering the Probation Officer's request for a downward variance, and then also taking into account the defendant's strong current family support and the mitigating conditions described in the PSR.

**B.  Applicable Law**

The Court is familiar that post *Booker*, a district court is "not mandated to sentence within an applicable Guideline range because the Sentencing Guidelines are advisory--not mandatory." *United States v. Mix*, 450 F.3d 375 (9th Cir. 2006), citing *United States v. Cantrell*, 433 F.3d

1269, 1279-81 (9th Cir. 2006) and *United States v. Booker*, 543 U.S. 220, 259-60 (2005). District courts must first consult the Sentencing Guidelines and take them into account when sentencing. *United States v. Cantrell*, 433 F.3d at 1279, quoting *Booker*, 543 U.S. at 264. The district court then applies the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision. *United States v. Cantrell*, 433 F.3d at 1279-80; see also *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).

The relevant factors here include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)-(2).

In addition, the Court should address the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

The Court has the responsibility to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment; to afford adequate deterrence; and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted); see also 18 U.S.C. § 3553(a).

**C.     The Defendant Respectfully Requests a Sentence of 156 Months**

The defendant requests that the Court grant a downward variance to a 156 month sentence (13 years), consecutive to the 144 months sentence imposed in the related 2014 RICO case *United States v. Venegas*, CR 14-013 EMC, after a review of the factors set forth in 18

U.S.C. § 3553(a) as detailed by the Probation Officer (see PSR, Sentencing Recommendation), as well as the defendant's additional arguments raised here.

**1.      Nature of the Offense**

First, as to the nature of the offense, Mr. Venegas acknowledges that this is a very serious offense. The requested sentence of 156 months, consecutive to an earlier imposed 144 month sentence for related RICO charges however, for a total of 25 years, is a very significant prison sentence. In addition, Mr. Venegas has shown full responsibility here for the offense. He pled guilty both here and in the 2014 case.

**2.      History and Character of the Defendant**

First, as to the history and character of the defendant, Mr. Venegas has admitted full responsibility, and joined a group disposition, settling the entire case and avoiding a long and costly criminal trial.

Second, as the probation officer noted, Mr. Venegas' lack of positive role models during his childhood, and his motivation to continue his education and have his tattoos removed, as well as his substance abuse history and his need for treatment, all support the downward variance sought here. See PSR, sentencing recommendation.

Moreover, since the defendant's sentencing in the 2014 case, he has continued his efforts to change his ways by entering into a serious relationship with Laura Ashley, who he married on February 24, 2024. PSR ¶ 102.

The PSR details that:

> Ms. Ashley described the defendant as, "the most caring and loving person I have ever met in my entire life. The loyalty and care that he puts into me, and his family is tremendous. [My] oldest daughter suffers from health problems and Weston has been the most supportive person to her throughout this journey. The way that he encourages his family is incredible. His family is everything to him. I truly believe that him being there for her through the phone makes a huge difference in her life. He gives her positive reinforcement and encourages her with love. Weston reminds me of my grandfather."
>
> Weston is a teddy bear and an amazing man. The things that Weston does for his family are incredible. I just really hope that the courts see the good in him. With me

Venegas Sent. Mem.                              5

> and my illness, we just want to have more children and I hope that our children see that their father as a good person. I am a firm believer that Weston saved my 15-year-old daughter. I hope that the court takes into consideration that Weston is a good person. Weston has learned so much inside. In the facility he is a model citizen. He works inside and is just trying to do his time and come home to us."

PSR ¶ 105.

Mr. Venegas' family continues to support him. Attached hereto are letters from Mr. Venegas' wife and daughters. All three letters set out the impact that Mr. Venegas has had on them, and the impact they have had on him.

### D.     Defendant's Additional Requests

The defendant requests that the Court recommend that he be re-evaluated for designation by the BOP while housed locally in California, and that he be placed in an appropriate facility in California, as set out in the First Step Act. The BOP website sets out that "The Act amends 18 U.S.C. § 3621(b) to require BOP to house inmates in facilities as close to their primary residence as possible, and to the extent practicable, within 500 driving miles."

https://www.bop.gov/inmates/fsa/overview.jsp.

Unfortunately, Mrs. Ashley Venegas very recently received extremely serious medical news, with a very poor prognosis. Mr. Venegas strongly wishes to remain close to his wife, while she fights this setback, to support her and their daughters during her medical treatment.

In addition, the defendant joins the probation officer in recommending that the defendant participate in the Bureau of Prisons Residential Drug Abuse Treatment Program.

### CONCLUSION

The defendant asks this Court to sentence him to 156 months, consecutive to his 2014 Rico case. The defendant further recommends five years supervised release and a $100 special assessment. The defendant further requests that the restitution issues be set for a restitution hearing to determine the appropriate final amount.

The defendant requests that the Court recommend BOP placement of the defendant in a facility close to his family in the Bay area, and that the BOP be re-evaluated for designation by

the BOP while housed locally in California, and that he be placed in an appropriate facility in California, as set out in the First Step Act.

Finally, the defendant asks that the defendant participate in the Bureau of Prisons Residential Drug Abuse Treatment Program.

DATED: March 31, 2024.                    Respectfully submitted,


                                          */s/ John J. Jordan*
                                          JOHN J. JORDAN